NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORY STRIZICH,

        Plaintiff-Appellant,

  v.

MIKE BATISTA; et al.,

        Defendants-Appellees.

No.   18-36008

D.C. No. 6:16-cv-00012-DLC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted February 16, 2022
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ZIPPS,*** District Judge.

Jory Strizich appeals the district court's dismissal of the claims he brought

against several Montana State Prison ("MSP") officials pursuant to 42 U.S.C. §

1983. Strizich alleged that MSP officials violated his Eighth Amendment rights

while he was an inmate by failing to protect him from assaults by rival gang

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     *** The Honorable Jennifer G. Zipps, United States District Judge for the
District of Arizona, sitting by designation.

members in 2013 and 2015, as well as by maintaining a policy and practice of housing rival gang members together despite the known risk of violence. A magistrate judge screened Strizich's complaint pursuant to 28 U.S.C. § 1915A because Strizich is a prisoner and seeks redress from government officials. The magistrate judge recommended granting in part Defendants' motion to dismiss for failure to state a claim but recommended denying it in part with respect to the failure to protect claim against Defendants Hess, Reich, and Napier regarding the 2013 assault. The district court adopted these recommendations.

Hess, Reich, and Napier later moved for summary judgment on the remaining claim, arguing that Strizich did not exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that prisoners must exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). The magistrate judge recommended granting summary judgment to the Defendants on this claim, finding that Strizich did not grieve the 2013 assault and, as a result, the claim did not meet the PLRA's exhaustion requirement. The district court adopted the magistrate's recommendations and granted summary judgment for Defendants on Strizich's failure to protect claim arising from the 2013 assault.

We review *de novo* the district court's ruling on whether the PLRA's exhaustion requirement has been met. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We also review *de novo* the district court's dismissal for

failure to state a claim under the screening provisions of 28 U.S.C. § 1915A. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). We affirm the district court's rulings.

1. The district court did not err in granting the motion to dismiss Strizich's Eighth Amendment claims with respect to (1) MSP's policy or practice of housing rival gang members together, or (2) the failure of MSP officials to protect Strizich from the 2015 assault. To prevail on an Eighth Amendment claim, Strizich must show that the prison officials acted with "deliberate indifference" to a "substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Deliberate indifference has an objective component (that prison conditions posed an objective risk of serious harm) and a subjective component (that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and drew the inference). *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 837).

Regarding the housing claim, even assuming that housing rival gang members together leads to an objective risk of serious harm, a prison official is liable only if the official disregards such a risk by "failing to take reasonable measures." *Farmer*, 511 U.S. at 847. The evidence shows MSP officials took reasonable measures to abate the risk of violence from its housing policy. Officials screened inmates for gang affiliations, assigned gang members to a more restrictive

3

custody level, increased the presence of officers at times when gang-related incidents were suspected to occur, and segregated housing units dominated by rival gangs for mass movements. Strizich did not allege sufficient facts suggesting that MSP's housing policy or practice was a result of "deliberate indifference" to inmate safety. *Farmer*, 511 U.S. at 828.

2. Regarding the claim of failure to protect arising from the 2015 assault, we also agree with the district court that Strizich did not state a claim. Although rival gang members may have posed a potential risk to Strizich, he did not make assertions from which a reasonable person could objectively infer that any named Defendant was aware that Strizich was at a substantial risk of serious harm on the date of the assault. Strizich was integrated with rival gang members for school, work, and treatment groups without incident from June 2015 until the assault in September 2015. Unlike the 2013 assault, Strizich does not allege that MSP officials had "intel" that an incident involving him was about to happen. Strizich did not allege sufficient facts to establish deliberate indifference on the part of the Defendants.

3. Nor did the district court err in granting summary judgment to Defendants on Strizich's failure to protect claim arising from the 2013 assault. This was the only claim to survive the motion to dismiss, and the district court correctly held that it failed as a matter of law because of non-exhaustion. Only two

of the grievances Strizich filed at MSP mention the 2013 assault, and neither is sufficient to exhaust his claim. In July 2013, Strizich filed a grievance challenging the housing decision returning him to the unit in which he was previously assaulted. Even if we construed this grievance as grieving the assault itself, as opposed to the housing decision, Strizich did not complete all required steps of MSP's grievance process, rendering the grievance unexhausted. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). The only other grievance mentioning the 2013 assault is Strizich's April 2014 grievance, but this grievance similarly fails.

First, it was untimely, and a prisoner cannot satisfy the PLRA's exhaustion requirement by filing an "untimely or otherwise procedurally defective" grievance. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006). Second, in this grievance, Strizich stated that he was "not grieving the 6-20-[13]" assault. Moreover, Strizich does not challenge on appeal the district court's granting of summary judgment on the 2013 assault claim.

**AFFIRMED.**